**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JEFFREY ALBERT EVERETTS | |
| Appellant | No. 1079 WDA 2016 |

Appeal from the Judgment of Sentence June 3, 2016
in the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000153-2016

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY RANSOM, J.:                    **FILED MAY 12, 2017**

Appellant, Jeffrey Albert Everetts, appeals from the judgment of sentence, imposed June 3, 2016, following a negotiated guilty plea resulting in his conviction for identify theft, habitual offenders, and false identification to law enforcement.[1]  We affirm.

On April 14, 2016, Appellant entered a negotiated guilty plea to the charges listed above.  On June 3, 2016, the trial court sentenced Appellant to an aggregate sentence of thirty to ninety-six months of incarceration. The court relied upon the presentence investigation report and Appellant's lengthy criminal history in fashioning its sentence.  **See** Notes of Testimony

---

[1] 18 Pa.C.S. § 4120(a), 75 P.S. §§ 6503.1, and 18 Pa.C.S. § 4914(a).

* Retired Senior Judge assigned to the Superior Court.

(N.T.), 6/3/16, at 14. Appellant timely filed a post-sentence motion, which the court denied.

Appellant timely appealed and filed a court-ordered statement of errors complained of on pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.

On appeal, Appellant raises a single issue:

1. Are the sentences imposed upon [Appellant] unreasonable, manifestly excessive, and an abuse of discretion?

Appellant's Brief at 5.

Appellant challenges the discretionary aspects of his sentence, a challenge which does not entitle him to review as of right. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011). Prior to addressing a discretionary challenge, this Court engages in a four-part analysis: 1) whether the appeal is timely; 2) whether Appellant preserved his issue; 3) whether Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and 4) whether that statement raises a substantial question that the sentence is inappropriate under the sentencing code. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013); *see also* Pa.R.A.P. 2119(f).

Appellant timely filed a notice of appeal, preserved his claim in a post-sentence motion, and included in his brief an appropriate Pa.R.A.P. 2119(f) statement. We must now determine whether he has raised a substantial

question that the sentence is inappropriate under the sentencing code and, if so, review the merits.

A substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa. Super. 2003). A substantial question exists only where the Appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code, or contrary to the fundamental norms which underlie the sentencing process. ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa. Super. 2000). A claim that a sentence is manifestly excessive may raise a substantial question if Appellant's Pa.R.A.P. 2119(f) statement sufficiently articulates the manner in which the sentence was inconsistent with the Code or contrary to its norms. ***Commonwealth v. Mouzon***, 812 A.2d 617, 627-28 (Pa. 2002).

In his Pa.R.A.P. 2119(f) statement, Appellant asserts that the court's imposition of a sentence of thirty to ninety-six months of incarceration was unreasonable and manifestly excessive. ***See*** Appellant's Brief at 9. Appellant asserts that he should not have received consecutive sentences while also being sentenced at the high end of the standard range for each sentence. ***Id.*** He avers that the counts did not derive from separate incidents, which typically justifies consecutive sentences. ***See*** Appellant's Brief at 9***.*** Further, Appellant contends that the trial court failed to consider certain mitigating factors. ***Id.***

- 3 -

Appellant has not raised a substantial question. First, Appellant was sentenced within the standard range of the guidelines. *See*, *e.g.*, *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (noting that where a sentence is within the standard range of the guidelines Pennsylvania law views the sentence as appropriate under the Sentencing Code). Second, Appellant's argument regarding the imposition of consecutive sentences does not raise a substantial question where he has failed to prove an "extreme circumstance . . . where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *See Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013).

Finally, although Appellant also avers that the sentencing court failed to consider several mitigating factors, Appellant did not preserve this issue in his post-sentence motion. *See* Appellant's Brief at 9; *see also* Pa.R.A.P. 302; *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007) (noting that a defendant waives challenges to the discretionary aspects of his sentence if he does not preserve them at the sentencing hearing or in post-sentence motions). Even if properly preserved, this claim does not raise a substantial question. *See Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013) (noting that a claim the trial court failed to consider mitigating factors does not raise a substantial question, especially where the sentencing court had the benefit of a presentence investigation report). Accordingly, we decline to examine the merits of his claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2017